IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

    Plaintiff,

vs.

UNITED STATES GOVERNMENT,

    Defendant.

No. CIV S-06-1220 FCD GGH PS
No. CIV S-06-1229 LKK GGH PS
No. CIV S-06-1490 LKK GGH PS
No. CIV S-06-1493 MCE GGH PS
No. CIV S-06-1660 MCE GGH PS
No. CIV S-06-1679 MCE GGH PS
No. CIV S-06-1710 GEB  GGH PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se in these actions, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this order and findings and recommendations in each of the above-captioned actions.

For each of the above-listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the requests to proceed *in forma*

\\\\\

\\\\\

1

*pauperis* will be granted.[1]

Plaintiff's handwritten complaints in these actions vary from one to four pages in length, excluding exhibits. Each complaint names the same defendant, "United States Government." Each complaint is largely illegible and unintelligible. In sum, the complaint in No. CIV S-06-1220 FCD EFB PS refers to a "dental lobotomy" caused from "exposure" at Napa State Hospital, and demands an award of five trillion dollars. In the complaint filed in No. CIV S-06-1229 LKK EFB PS, plaintiff refers to a several seemingly unrelated things including an "armed robbery/kidnap," a hospital in South San Francisco, and the removal of a sign by a sign company; plaintiff also asks for an award of "five trillion dollars." The complaint in No. CIV S-06-1490 LKK EFB PS refers to the "possible impersonation of a California Superior Court Judge" and seeks one trillion dollars in damages. The complaint in No. CIV S-06-1493 MCE EFB PS again refers to an "armed robbery, kidnap," and a "possible genocide" caused by dumping items on the streets of San Francisco. The complaint in No. CIV S-06-1660 MCE EFB PS seeks two trillion dollars in damages and complains of a San Mateo County employee "possibly making threats against the plaintiff." The plaintiff demands one hundred fifty trillion dollars in the complaint filed in No. CIV S-06-1679 MCE EFB PS, and refers to San Mateo County's refusal to file a restraining order against its employees. The complaint in No. CIV S-06-1710 GEB EFB PS alleges that plaintiff "feels that the county attorney will file criminal treason charges" against him, and seeks an award of two hundred trillion dollars.

\\\\\
\\\\\
\\\\\

---

[1] The court notes that plaintiff failed to file the last page of the application to proceed *in forma pauperis* in case number CIV S-06-1679 MCE EFB PS. However, based on the reasons cited in this opinion, the court declines to order plaintiff to file a completed application. The court finds it would be futile to have plaintiff complete that application, and instead deems the application granted and recommends dismissal of the action.

2

1    In any event, just as in the other complaints filed by plaintiff during the past year or so,[2] no basis of federal jurisdiction is alleged.  A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress.  <u>Kokkonen v. Guardian Life Ins. Co</u>, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  <u>Baker v. Carr</u>, 369 U.S. 186, 198 (1962).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  <u>Kokkonen,</u> 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  <u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

In none of the above-captioned actions has plaintiff invoked a federal right or claim, nor has he plead diversity or any other facts to show that this court has subject matter jurisdiction over his claims.  Thus, the court finds that no subject matter jurisdiction exists in any of these actions and recommends that they be dismissed.  Based on plaintiff's history of filing frivolous claims, granting leave to amend would be futile and a further drain on the court's scarce resources.[3]

\\\\\

\\\\\

---

[2] Recent complaints filed by plaintiff include, but are not limited to: No. Civ. S-05-0509 MCE DAD PS; No. Civ. S-05-1431 LKK DAD PS; No. Civ. S-05-2132 MCE DAD PS; No. Civ. S-05-2228 MCE DAD PS; No. Civ. S-06-0416 MCE DAD PS; No. Civ. S-06-1030 LKK DAD PS; No. Civ. S-06-1292 GEB DAD PS; No. Civ. S-06-1402 GEB DAD PS; No. Civ. S-06-1492 MCE DAD PS; and, No. Civ. S-06-1494 DFL DAD PS.

[3] On September 29, 2006, in case No. Civ. S-06-1227 GGH FCD PS, the undersigned issued findings and recommendations that plaintiff be declared a vexatious litigant.

1   Accordingly, IT IS ORDERED that:

2   1. Plaintiff's requests for leave to proceed *in forma pauperis* in the above-
3   captioned actions are granted.

4   2. The Clerk of the Court is directed to file and serve this Order and Findings and
5   Recommendations in each of the above-listed actions.

6   IT IS RECOMMENDED that:

7   1. These matters be dismissed for lack of subject matter jurisdiction. See Fed. R.
8   Civ. P. 12(h)(3).

9   2. The Clerk be directed to close these cases.

10   These findings and recommendations are submitted to the United States District
11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
12   after being served with these findings and recommendations, plaintiff may file written objections
13   with the court.  Such a document should be captioned "Objections to Magistrate Judge's
14   Findings and Recommendations."  Failure to file objections within the specified time may waive
15   the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.
16   1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

17   DATED: 10/25/06

/s/ Gregory G. Hollows

_____
U.S. Magistrate Judge

fallon.efb